Daniel, J.
delivered the opinion of the Court.
This Court is of opinion, that by virtue of the agreement between the plaintiff in error and John Murray Yates, and the conduct of the said parties in reference thereto, set forth in the special verdict, the plaintiff in error acquired a right to have an assignment of the bond of Oliver, and a lien upon its avails, which a Court of equity would, as between the parties, have respected and enforced: That whilst, by .-the third section of the act of Congress, entitled “an act to establish a uniform system of bankruptcy throughout the United States,” approved the 19th August 1841, the defendant in error, was, under the decree of bankruptcy in said verdict mentioned, vested with all the property and rights of property of the said Yates; yet, that by a just construction of said section, he took said property and rights of property subject to all the equities which had attached thereto prior to the act of bankruptcy on which the decree aforesaid was founded ; and by the express terms of the proviso of the second section of 'the act aforesaid, of the 19th August 1841, held the same subject to all liens, mortgages and securities which were valid by the laws of this State, and which were not inconsistent with the provisions of said act.
The special verdict does not disclose the pecuniary condition of the said Yates at the time the agreement before mentioned was made, nor does it find any facts or circumstances that would justify this Court in inferring that the said agreement was made in contemplation of bankruptcy, or that the conduct of the parties to it was in any respect inconsistent with the provisions and requirements of the said act of Congress.
*333 The Court is also further of opinion, that notwithstanding the act of bankruptcy committed by Yates, and the decree of bankruptcy consequent thereupon, there was nothing to restrain him from proceeding to execute and perfect, on his part, the agreement between * x i o him and Tucker; but that on the contrary, equity and good conscience required that he should do so; and that by virtue of the actual assignment and delivery of the said bond of Oliver, and of the preceding agreement and transactions in reference thereto, the said Tucker acquired a complete right to enforce the collection of said bond, and to hold its proceeds as an indemnity against the suretyships and liabilities in the verdict mentioned, which he had undertaken on account of the said Yates. The Court is therefore further of opinion, that the Circuit court erred in pronouncing the law upon the special verdict to be for the defendant in error, and in rendering the judgment thereon in his favour.
Judgment of the Circuit court reversed, with costs; and this Court proceeding to render such judgment as said Court ought to have rendered, judgment for the plaintiff in error, on the special verdict, with costs, &c.